UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY RUCKER and MARY RUCKER, Individually and as Conservator for Darby Rucker,<br><br>Plaintiffs,<br><br>v.<br><br>BENESIGHT, INC.; NAVAJO EXPRESS, INC.; ZURICH AMERICAN INSURANCE CO.; and DALY-KAHNERT & ASSOCIATES, INC.,<br><br>Defendants.<br>_____ | CASE NO. CV 05-301-S-BLW (DOC, presiding)<br><br><u>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**</u> |

Before the Court are three motions to dismiss (Docket Nos. 26, 36, 37) (collectively, "Motions") filed by Defendants Navajo Express, Inc. ("Navajo"), Benesight, Inc. and Zurich American Insurance Co. ("Zurich"), respectively. After considering the moving, opposing and replying papers, as well as oral argument by all the parties, for the reasons set forth below, the Court hereby GRANTS IN PART AND DENIES IN PART the Motions.

\ \ \

\ \ \

\ \ \

1  **I.     BACKGROUND**

2  On April 28, 2001, Plaintiff Gary Rucker, a driver for Digby Truck Lines, Inc. ("Digby"),
3  was driving a Digby truck with his daughter as a passenger when the truck collided with another
4  truck on an interstate in Oregon.  As a result of this collision, his daughter, Darby, suffered burns
5  and head injuries, and incurred more than $150,000 in medical expenses.

6  As a Digby employee, Rucker was provided with a health benefit plan that covered him
7  and members of his family.  This plan, the Navajo Express, Inc. Employee Health Benefit Plan
8  ("Navajo Benefit Plan") was provided by Defendant Navajo Express, Inc. ("Navajo") and
9  administered by Defendant Benesight, Inc.  The Navajo Benefit Plan was funded by
10 contributions from Digby and its employees, such as Rucker.

11 As a Digby employee, Rucker was also provided with a passenger protection policy by
12 Zurich American Insurance Company ("Zurich").  The passenger protection policy ("Zurich
13 Passenger Policy") covered medical expenses for passengers injured in accidents while riding in
14 Digby trucks.  Digby required its drivers to purchase the Zurich Passenger Policy if they were
15 taking passengers in their trucks.  When a driver wished to take a passenger in his truck, the
16 driver filled out a notice form and a deduction was normally taken from his paycheck relative to
17 the Zurich Passenger Policy's premium.  However, a deduction was not taken from Rucker's
18 paycheck when he took his daughter along with him in the truck.

19 Rucker and his wife, Mary, allege that Navajo, Benesight and Zurich each failed to
20 provide them the benefits to which they were entitled under the Navajo Benefit Plan and the
21 Zurich Passenger Policy.  On July 22, 2005, Plaintiffs filed an action in state court alleging the
22 following common law causes of action: (1) breach of contract, (2) insurance bad faith, and (3)
23 negligent insurance adjusting.  On July 22, 2005, Defendants removed the action to this Court.

24 Navajo, Benesight and Zurich now each move to dismiss Plaintiffs' Complaint on the
25 basis that Plaintiffs' state law claims are preempted by the Employee Retirement Income
26 Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

27 \ \ \

28 \ \ \

**II.     LEGAL STANDARD**

Although Defendants fashion their Motions as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[1] they rely upon matters outside of Plaintiffs' Complaint, such as affidavits submitted in support of the Motions. Plaintiffs assert that the Motions should be treated as motions for summary judgment and submit evidence outside of the Complaint in support of their oppositions. Defendants do not dispute this assertion in their reply briefs. Since the Court relies upon this outside evidence in its analysis below, the Court treats the Motions as motions for summary judgment. Fed. R. Civ. P. 12(b); *see Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003). By filing evidence in support of their oppositions, Plaintiffs are on notice of the Court's decision to treat the Motions as motions for summary judgment. *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 477 (9th Cir. 1998). Accordingly, the Court applies the legal standard of Federal Rule of Civil Procedure 56.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct.

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support such a theory). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

1  993 (1962).  However, the existence of some alleged factual dispute between the parties will not
2  defeat an otherwise properly supported motion for summary judgment; to defeat the motion, the
3  non-moving party must affirmatively set forth facts showing there is a genuine issue for trial.
4  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S. Ct. 2505 (1986).  The moving
5  party bears the initial burden of demonstrating the absence of a genuine issue of material fact for
6  trial.  *Id.* at 256.  When the non-moving party bears the burden of proving the claim or defense,
7  the moving party can meet its burden by pointing out the absence of evidence of a genuine issue
8  of material fact from the non-moving party.  *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir.
9  1990).  The moving party need not disprove the other party's case.  *Celotex Corp. v. Catrett*, 477
10 U.S. 317, 323-25, 106 S. Ct. 2548 (1986).

11 When the moving party meets its burden, the "adverse party may not rest upon the mere
12 allegations or denials of the adverse party's pleading, but the adverse party's response, by
13 affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is
14 a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if
15 appropriate, shall be entered against the adverse party."  Fed. R. Civ. P. 56(e).  "The mere
16 existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the
17 jury could reasonably find for [the opposing party]."  *Anderson*, 477 U.S. at 252.

18 **III.   DISCUSSION**

19 With its passage of ERISA, Congress intended to provide a uniform body of federal law
20 governing employee benefit plans.  *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208,
21 124 S. Ct. 2488 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S. Ct. 1549 (1987).
22 The federal statute preempts state law causes of action that relate to employee benefit plans or
23 conflict with the intended exclusivity of ERISA's comprehensive remedial scheme.  *See  Davila*,
24 542 U.S. at 208-10; *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1226 (9th Cir. 2005)
25 (holding that "[f]irst, ERISA section 514(a) expressly preempts all state laws 'insofar as they
26 may now or hereafter relate to any employee benefit plan,'" and  "[s]econd, ERISA section
27 502(a) contains a comprehensive scheme of civil remedies" that preempts state law causes of
28 action that conflict with the "intended exclusivity of the ERISA remedial scheme, even if those

1  causes of action would not necessarily be preempted by action 514(a)" (quoting 29 U.S.C. §
2  1144(a))).

3      At oral argument, Plaintiffs conceded that the Navajo Benefit Plan is an employee welfare
4  benefit plan under ERISA.  They also conceded that ERISA preempts their three state law causes
5  of action.  Plaintiffs maintain, however, that the Zurich Passenger Policy is not an employee
6  welfare benefit plan subject to ERISA, and thus their state law claims with respect to this policy
7  are not preempted by ERISA.

8      **A.**    **Employee Welfare Benefit Plan Under ERISA**

9      A benefit plan qualifies as an "employee welfare benefit plan" under ERISA if it is a
10 "plan . . . established or maintained by an employer . . . for the purpose of providing for its
11 participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical,
12 surgical, or hospital care or benefits. . . ." 29 U.S.C. § 1002(1).  Whether a benefit plan is an
13 ERISA plan is a question of fact to be determined from the perspective of a reasonable person.
14 *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

15     Plaintiffs contend that, at the very least, a genuine issue of material fact exists as to
16 whether the Zurich Passenger Policy is an ERISA plan.  First, they argue that Navajo's failure to
17 provide a statutorily required written summary plan description ("SPD") creates a genuine issue
18 of material fact.  However, as a matter of law, failure to comply with this formal writing
19 requirement does not bear upon whether an ERISA plan exists in the first place.  *See Winterrowd*
20 *v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 938-39 (9th Cir. 2003) (citing *Scott v. Gulf Oil*
21 *Corp.*, 754 F.2d 1499, 1503 (9th Cir. 1985)).  Therefore, any failure by Zurich to provide an
22 SPD does not create a genuine issue of material fact as to whether the Zurich Passenger Policy is
23 an ERISA plan.

24     An ERISA plan must "invoke an ongoing administrative program . . . and must enable
25 reasonable persons to ascertain the intended benefits, beneficiaries, source of financing, and
26 procedures for receiving benefits." *Winterrowd*, 321 F.3d at 938-39 (internal quotation marks
27 and citation omitted).  Zurich presents the affidavit of Mike Goff, who states that Navajo
28 provided the Zurich Passenger Policy for the purpose of providing passengers on Digby trucks

1  with benefits for medical expenses or death benefits.  Aff. of Mike Goff in Supp. of Def. Zurich
2  Am. Ins. Co.'s Mot. to Dismiss ¶ 4.  According to Goff, "Navajo employees processed claims
3  and answered any questions drivers may have had about the [Zurich Passenger Policy]."  *Id*. ¶ 6.
4  The Zurich Passenger Policy states that its policy period is "from 3/9/97 to continuous."  Aff. of
5  Mark S. Prusynski in Supp. of  Def. Zurich Am. Ins. Co.'s Mot. to Dismiss Ex. A.  It also sets
6  forth the benefits available to a person riding as a guest of an employee.  *Id*. Exs. C, D.
7       Plaintiffs offer the affidavit of Mary Rucker to establish a genuine issue of material fact
8  and defeat summary judgment for Defendants.  Rucker states that "Navajo did not assist in filing
9  or processing Darby's claim under the Passenger Policy."  Aff. of Pl. Mary Rucker ¶ 8.  Instead,
10 she claims that she interacted with Zurich in attempting to process a claim under the Zurich
11 Passenger Policy.  *Id*. ¶¶ 5,6.  This evidence, when viewed in the manner most favorable to
12 Plaintiffs as the non-moving party, *Diebold*, 369 U.S. at 655, does create a genuine issue of
13 material fact for trial.  Rucker's experience in attempting to process a claim under the Zurich
14 Passenger Policy raises a question of whether the policy was an "ongoing administrative
15 program" maintained by Navajo.  *Winterrowd*, 321 F.3d at 938-39.  Since the question of
16 whether the policy is an ERISA plan is a question of fact, *Kanne*, 867 F.2d at 492, Defendants
17 are not entitled to summary judgment on the issue of whether the Zurich Passenger Policy is an
18 ERISA plan.[2]
19      Accordingly, although Plaintiffs' state law causes of action are preempted by ERISA to
20 the extent they relate to the Navajo Benefit Plan, these causes of action are not preempted by
21 ERISA to the extent they relate to the Zurich Passenger Policy, because a genuine issue of
22 material fact exists as to whether the policy is an ERISA plan.
23 \ \ \
24 \ \ \
25
---
26   [2]Since the Court finds that Plaintiffs have raised a genuine issue of material fact as
27 to whether the Zurich Passenger Policy is an ERISA plan, the Court need not address
   their supplemental argument that the policy falls within the Department of Labor's safe
28 harbor regulation.  29 C.F.R. § 2510.3-1(j).

1  **B.   Adequately Pleaded ERISA Claim**

2  Plaintiffs contend that their Complaint adequately pleads an ERISA claim for equitable
3  relief, notwithstanding the fact that such a federal claim is not explicitly stated in the Complaint.
4  Section 502(a) authorizes a plan participant or beneficiary to bring a civil action to obtain
5  equitable relief from an ERISA fiduciary.  *See* 29 U.S.C. § 1132(a)(3); *Mathews v. Chevron*
6  *Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004).  In determining whether a plaintiff has alleged a
7  claim for equitable relief under ERISA, the Court must look to the "substance of the remedy
8  sought rather than the label placed on that remedy."  *Mathews*, 362 F.3d at 1185 (internal
9  quotation marks and alterations omitted).

10  In the Complaint, Plaintiffs allege that Defendants failed to comply with ERISA by,
11  among other things, failing to investigate Plaintiffs' claims for benefits, refusing to pay
12  Plaintiffs' medical expenses, and failing to timely provide Plaintiffs with a copy of the Navajo
13  Benefit Plan and the Zurich Passenger Policy.  *See* Compl. ¶ 21.  However, Plaintiffs do not set
14  forth what, if any, equitable relief they seek with respect to these alleged violations.  Instead,
15  Plaintiffs request only damages.  Even when read in light of the liberal pleading standard of
16  Federal Rule of Civil Procedure 8(a), the Complaint does not adequately place Defendants on
17  notice of an ERISA claim for equitable relief.  *See, e.g.*, *Westlands Water Dist. v. Firebaugh*
18  *Canal*, 10 F.3d 667, 670 (9th Cir. 1993).  Thus, Plaintiffs must amend their Complaint to
19  adequately plead a claim for equitable relief under Section 502(a).

20  \ \ \
21  \ \ \
22  \ \ \
23  \ \ \
24  \ \ \
25  \ \ \
26  \ \ \
27  \ \ \
28  \ \ \

## IV.  DISPOSITION

For the reasons set forth above, the Court hereby GRANTS IN PART AND DENIES IN PART Navajo, Benesight and Zurich's Motions.  To the extent they relate to the Navajo Benefit Plan, Plaintiffs' state law causes of action are preempted by ERISA.  To the extent they relate to the Zurich Passenger Policy, Plaintiffs' causes of action are not preempted by ERISA, because a genuine issue of material fact exists as to whether the policy is an ERISA plan.  Since Plaintiffs fail to adequate plead a claim for equitable relief under section 502(a) of ERISA, Plaintiffs may file an amended complaint within thirty (30) days of this Order to attempt to state such a claim.

IT IS SO ORDERED.



DATED: August 25, 2006

Honorable David A. Carter
United States District Judge