IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY RUCKER and MARY RUCKER, Individually and as Conservator for Darby Rucker,<br><br>        Plaintiffs,<br><br>  v.<br><br>BENESIGHT, INC., a Delaware Corporation; NAVAJO EXPRESS, INC., a Colorado Corporation; ZURICH AMERICAN INSURANCE CO., a New York Corporation (aka Zurich North America); and DALY-KAHNERT & ASSOCIATES, INC., a Minnesota Corporation,<br><br>        Defendant. | Case No. CV-05-301-S-BLW<br><br>ORDER OF REASSIGNMENT AND CASE MANAGEMENT ORDER<br><br>Track:  (**Standard**) |

In accordance with the agreements reached in the telephone status conference held between counsel and the Court on **November 2, 2006**, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED, that the following recitation of deadlines and procedures shall govern this litigation:

1.    <u>Reassignment</u>:  This case is hereby reassigned in its entirety to the

**Case Management Order -- 1**

Honorable David O. Carter, United States District Judge for the District of California.  It is further ordered that the case number of this action is changed to CV-05-301-S-DOC.  The parties shall use this case number on all future filings.

2. <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by **June 8, 2007**.[1]  This deadline will **not** be extended even if you are having discovery disputes.

   a. This is the critical event for case management and will dictate when the trial will be set.

   b. As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions.  To facilitate a prompt trial setting, the Court will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument.  If a decision is not issued

---

[1] It is this Court's policy to accept only *one (1) motion to dismiss and one summary judgment motion* per party.  If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an over-length brief, rather than filing separate motions for each issue.  The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when *multiple motions are filed*.

**Case Management Order -- 2**

within this time frame, the Court will invite inquiry from counsel as to the status of the decision.

3. <u>Alternative Dispute Resolution Plan</u>: The parties will file an ADR Plan by **February 2, 2007**. The ADR Plan must indicate the form of ADR that will be utilized and the date on which it will be conducted. **<u>Once the settlement conference or mediation is scheduled, it shall only be vacated by Judge Winmill</u>**.

   a. If the parties fail to file an ADR Plan by the date specified, the Court will schedule an ADR Conference at which all parties must be present and accompanied by their client or, in the case of a corporation or insurance company, a representative who has primary responsibility for the litigation. At the ADR Conference, counsel will be required to verify that they have fully discussed the merits of ADR with their client and explain to the Court why they and their client have concluded that ADR is not appropriate for this case.

4. <u>Discovery Plan</u>: **<u>Discovery shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules</u>**.

5. <u>Completion of Discovery</u>: All discovery will be completed by **<u>May 11, 2007</u>**. This is a deadline for the <u>completion</u> of all discovery; it is

**Case Management Order -- 3**

not a deadline for discovery <u>requests</u>.  Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.  The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after the Court has ruled on any dispositive issues.

6. <u>Disclosure of Experts</u>:

   a. The Plaintiff shall disclose the experts intended to be called at trial on or before **March 9, 2007**.

   b. The Defendant shall disclose the experts intended to be called at trial on or before **April 13, 2007**.

   c. All rebuttal experts shall be identified on or before **April 27, 2007**.

7. <u>Rules Governing Disclosure of Expert Witnesses</u>:  Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b).  Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1).  Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not

disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

8. <u>Scheduling of Trial and Pretrial Conference</u>. Plaintiff's counsel shall contact the Court's staff within one week following the entry of a decision on all pending dispositive motion to make arrangements for a telephone scheduling conference between counsel and the Court's staff in which the trial and pretrial conference shall be set. If no dispositive motion is filed, Plaintiff's counsel shall immediately contact the Court's staff within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

9. <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

   a. I will **<u>not</u>** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

10. <u>Law Clerk</u>: If counsel has a procedural or legal question that needs to be brought to the Judge's attention, please contact Jeff Severson, the law clerk assigned to this case at (208) 334-9027.

11. <u>Calendaring Clerk</u>: With regard to any scheduling matters or calendar

**Case Management Order -- 5**

issues, please contact the visiting judge deputy clerk,

**Case Management Order -- 6**

Melanie Patrick at (208) 334-1539.



DATED: **November 2, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Case Management Order -- 7**